IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAHEEM SATTERTHWAITE,** | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JRR-22-2541 |
| **CRYSTAL CARTER,** | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Petitioner Raheem Satterthwaite, a federal inmate currently confined at the Federal Correctional Institution in Cumberland ("FCI-Cumberland"), Maryland, filed this habeas action pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has failed to properly calculate his sentence. (ECF No. 1.) Respondent Crystal Carter, Warden of FCI-Cumberland, filed a Motion to Dismiss the Petition, or in the Alternative, for Summary Judgment (the "Motion"). (ECF No. 7.) The court has considered all papers submitted. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, by separate order, the Motion, considered as a motion for summary judgment, is granted.

## INTRODUCTION

Satterthwaite alleges that he has been denied credit toward his federal sentence for time spent in state custody (ECF No. 1 at 6) and the BOP improperly refused to run his federal and state sentences concurrently in accordance with the state sentencing court (*id*.).

## LEGAL STANDARDS

Respondent filed the Motion seeking dismissal of the Petition or, in the alternative, a summary judgment. "A motion with this caption implicates the court's discretion under Fed. R.

Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 U.S. Dist. LEXIS 130420, at *8 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Interest Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v.*

*Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission to the finder of fact for resolution at trial.  *Id.* at 249.  Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).  A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).  Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Further, in undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party – here, Petitioner Satterthwaite. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  Critically, on a Rule 56 motion, the court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).  Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility.  *Tolan v. Cotton*, 572 U.S. 650, 660 (2014).

As set forth below, the facts material to the Petition are undisputed. Therefore, the court will consider and adjudicate the pending Motion as one for summary judgment.

## UNDISPUTED MATERIAL FACTS

On November 25, 2010, Satterthwaite was arrested in Philadelphia, Pennsylvania for aggravated assault and resisting arrest. (Case No. 10CR15481). *See* ECF No. 7-2, ¶ 4. He was sentenced on April 7, 2011, and on August 15, 2011, released on parole. *Id*.

On April 6, 2017, Satterthwaite was arrested for inciting violence in Mahoning County, Ohio (Case No. 2017CRA00297). ECF No. 7-2, ¶ 5. Ohio parole officers searched Satterthwaite's home on April 26, 2017, and seized four rounds of nine-millimeter ammunition, 14 rounds of .357 ammunition, a bulletproof vest, an empty Glock pistol box, and documents in Satterthwaite's name. *Id.*, ¶ 6. On the day of the search, the inciting violence charge (Case No. 2017CRA00297) was dismissed. *Id*.

Satterthwaite was released by the Mahoning County Sheriff's Department on May 12, 2017 to the custody of the Philadelphia Department of Corrections for a parole/probation violation regarding Case No. 10CR15481. *Id.*, ¶ 7; ECF No. 7-2 at 8. The Philadelphia Department of Corrections released Satterthwaite pursuant to a Court Order (ECF No. 7-2, ¶ 8), and on May 31, 2017, he was allowed to transfer his parole/probation supervision back to Ohio. *Id.*, ¶ 9.

On July 26, 2017, Satterthwaite was arrested in Mahoning County, Ohio for failure to comply with an order or signal of police, tampering with evidence, and possession of cocaine (Case No. 2017CR00831). *Id.*, ¶ 10. He was released on bond on July 30, 2017. ECF No. 7-2, ¶ 10; ECF No. 7-2 at 10-11.

Satterthwaite committed the federal offense of possession of a firearm and ammunition by a convicted felon on January 10, 2018. ECF No. 7-2, ¶ 11. He was also arrested by Mahoning

County, Ohio officials for resisting arrest and obstructing official business (Case No. 2018CR00075).  *Id*.  The state charges were dismissed on January 18, 2018, but because Satterthwaite had reoffended, the bond set in Case No. 2017CR0831 was revoked on January 11, 2018, and he remained in state custody.  *Id*.

The United States District Court for the Northern District of Ohio issued an arrest warrant for Satterthwaite on March 28, 2018.  ECF No. 7-2, ¶ 12; ECF No. 7-2 at 13.  Satterthwaite was arrested by the United State Marshal Service on April 11, 2018. ECF No. 7-2, ¶ 13. Satterthwaite was "borrowed" from state custody on a federal writ of habeas corpus on several occasions from April 11, 2018 to February 15, 2019.  ECF No. 7-2, ¶ 14; ECF No. 7-2 at 15-17.

On October 23, 2018, Satterthwaite was sentenced in the United States District Court for the Northern District of Ohio to 54 months in prison for two counts of possession of a firearm and/or ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).  ECF No. 7-2, ¶ 15.  The court ordered that his sentences on the two counts be served concurrently; the court was silent as to whether the federal sentence was to run concurrent or consecutive to the state sentence.  ECF No. 7-2, ¶ 15; ECF No. 7-2 at 19-25.

On October 25, 2018, Satterthwaite pled guilty in the Court of Commons Pleas of Mahoning County, Ohio for failure to comply with an order or signal of a police officer (Case No. 2017CR00831).  ECF No. 7-2, ¶ 16; ECF No. 7-2 at 8.  He was sentenced to 36 months' incarceration and credited 293 days toward his state sentence for the periods July 26 through July 30, 2017, and January 10 through October 24, 2018.  ECF No. 7-2, ¶ 16; ECF No. 7-2 at 8, 27-29.  The state court ordered that Satterthwaite's state sentence run concurrent with his federal sentence.  *Id*.

After serving 654 days, Satterthwaite was paroled from his state sentence on December 10, 2020, and returned that day to the exclusive custody of the United States Marshal. ECF No. 7-2, ¶ 17; ECF No. 7-2 at 15-17, 31. His federal sentence commenced that day; the BOP calculated his release date as September 11, 2024. ECF No. 7-2, ¶ 18; ECF No. 7-2 at 33-35.

The BOP avers that Satterthwaite's sentence has been reviewed pursuant to 18 U.S.C. § 3621(b). ECF No. 7-2, ¶ 19. In September of 2021, the BOP wrote the federal sentencing judge asking how the judge wanted the federal sentence to run in relation to the state sentence. ECF No. 7-2, ¶ 21; ECF No. 7-2 at 39-40. The federal judge did not respond, and Satterthwaite was advised of the judge's nonresponse in December of 2021. ECF No. 7-2, ¶ 22; ECF No. 7-2 at 42. Having received no direction or order as to whether the federal and state sentences were to be served concurrently or consecutively, the BOP ran Satterthwaite's federal sentence consecutive to his state sentence and awarded him jail credit toward his federal sentence for the period April 26 to May 24, 2017, because that time had not been credited toward his state sentence. ECF No. 7-2, ¶¶ 23-24; ECF No. 7-2 at 8.

## ANALYSIS

It is the responsibility of the United States Attorney General, the Department of Justice, and the BOP to compute sentences of prisoners committed to the custody of the United States or the District of Columbia, and to apply jail credit where due. 18 U.S.C. § 3624; *see Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979). After a federal district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the offender's sentence. 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Stroud*, 584 Fed. Appx. 159, 160 (4th Cir. 2014) (holding

Attorney General, through BOP, responsible for computing sentencing credit for time in detention prior to sentencing).

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there the sentencing judge does not direct that a term of confinement shall be served concurrently with another sentence, the imposed sentence is run consecutive to any other term of imprisonment. 18 U.S.C. § 3584 ( providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Under 18 U.S.C. § 3585(b), a defendant is not entitled to credit toward the service of a term of imprisonment if the period in question has been credited against another sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (holding that the intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

A federal sentence does not begin until the Attorney General receives the defendant in custody for service of that sentence. 18 U.S.C. § 3585(a). Previous periods of custody are credited in accordance with 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence.

The statute establishes that a defendant is not entitled to "double credit" toward a state sentence and a federal sentence before imposition of the federal sentence at issue. *Wilson,* 503 U.S. at 337.

The court also considers which sovereign – state or federal – has primary jurisdiction over the defendant. When a defendant has both state and federal charges, the sovereign to first arrest the defendant has primary jurisdiction over the defendant, and retains that status until it is relinquished. *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)). Primary jurisdiction may be relinquished by expiration of the defendant's sentence. *See, e.g., Cole*, 416 F.3d at 897.

Once a sovereign relinquishes primary jurisdiction over an individual, another sovereign may assume primary jurisdiction over that person. *Id*. Primary jurisdiction is not relinquished merely because a defendant is borrowed from the custody of the state via a writ of habeas corpus *ad prosequendum* for purposes of conducting criminal proceedings. *Id*.; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998); *Dickens v. Stewart*, 2014 WL 858977 * 3 (citing *Thomas*, 962 F.2d 358-60). Following the completion of its criminal proceedings, the receiving jurisdiction returns the defendant to the jurisdiction from which he was borrowed pursuant to the writ; the jurisdiction that "loans" a defendant to another sovereign for prosecution does not relinquish primary jurisdiction over that inmate. *Cole*, 416 F.3d at 896–97; 18 U.S.C. § 3585(a).

Petitioner Satterthwaite was in the primary custody of the State of Ohio between January 10, 2018, when he was arrested by the Mahoning County officials for resisting arrest and obstructing official business, and December 10, 2020, the date he was paroled from his state sentences. *See* ECF No. 7-2, ¶¶ 11, 17. As such, the State of Ohio established and retained primary jurisdiction over him during this time. While serving his state sentence, Satterthwaite was taken into temporary custody by federal authorities on several occasions for the purpose of federal

criminal proceedings. Primary jurisdiction during these periods was not relinquished by the state; rather, federal authorities merely "borrowed" Satterthwaite to complete the prosecution of his pending federal case. Importantly, Petitioner Satterthwaite continued to receive credit for serving his state sentence during these times, until the expiration of his state sentence on December 10, 2020. Further, in accordance with 18 U.S.C. § 3584(a), the BOP determined that Satterthwaite's federal sentence commenced on December 10, 2020. *Id*., ¶ 18. Pursuant to 18 U.S.C. § 3585(b), Satterthwaite is not entitled to credit for the times he was borrowed by the United States Marshal, as such credit would constitute impermissible double credit for the same period. The court concludes that Satterthwaite has received all custody credit to which he is entitled.

As to Satterthwaite's claim that he is entitled to additional credit toward his sentence because the state sentencing court directed that his state sentence run concurrent to his federal sentence, he is mistaken. Regardless of any statement made by the judge or written on the judgment, it is the sole responsibility of the BOP, not the court, to determine when a defendant's federal sentence starts and whether a defendant will receive credit for previous time in custody. *Wilson*, 503 U.S. at 335; *Till v. Warden*, 2021 WL 3633963 * 4 (D. Md. Aug. 17, 2021); *Harris v. Dewalt*, 2005 WL 1126842, at *2 (D. Md. May 12, 2005) (Titus, J.) (holding that "[t]he Bureau of Prisons, and not the courts, determine when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody") (citing *Montez-Gaviria*, 163 F.3d at 700-701)); *see also Brown v. Caraway*, 2013 WL 1702643, at *3 (D. Md. Apr. 18, 2013) (Chasanow, J.) (explaining that "[a]uthority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP") (citations omitted).

Pursuant to BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, "federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence.  When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonments are to run consecutively to or concurrently with one another, the sentences run consecutively."  A federal judge may order a federal sentence to run concurrently or consecutively to a previously imposed state sentence.  *See* 18 U.S.C. § 3584.  Relevant here, this provision has been interpreted to permit, but not require, a federal judge to order a federal sentence to run concurrently or consecutively to an anticipated, but not yet imposed, sentence, whether federal or state.  *Setser v. United States*, 566 U.S. 231, 236 (2012).  When a federal judge orders or recommends that a federal sentence run concurrently with a state sentence already imposed, the BOP implements such an order.  *See* BOP Program Statement 5160.05.  That did not occur in Satterthwaite's case.

18 U.S.C. § 3584(a) and BOP Program Statement 5880.28 provide that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Satterthwaite's federal sentencing judge did not specify that the federal sentence should run concurrent to the state sentence.  Where, as here, "the court is silent as to whether terms of imprisonment imposed at the same time are concurrent or consecutive, the terms run concurrently unless a statute requires that they be consecutive.  If, on the other hand, multiple terms of imprisonment are imposed at different times without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise."  BOP Program Statement 5880.28.  The BOP properly computed the execution of Satterthwaite's federal sentence.

## **CONCLUSION**

For the reasons set forth herein, by separate order, the Motion, considered as one for summary judgment, is granted, and judgment on the Petition will be entered in favor of Respondent and against Petitioner.

/S/

September 26, 2023
Date

Julie R. Rubin
United States District Judge